IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
June 15, 2023 03:10 PM
SX-2022-CV-00148
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| RHONDA JEREMIAH, AS PERSONAL REPRESENTATIVE OF TAMIR LAKE, DECEASED,<br><br>PLAINTIFF,<br><br>V.<br><br>VIRGIN ISLANDS DEPARTMENT OF HUMAN SERVICES, LUTHERAN SOCIAL SERVICES OF THE VIRGIN ISLANDS, LUTHERAN SERVICES FOR THE DEVELOPMENTALLY DISABLED, INC., AND LUTHERAN HOUSING ASSOCIATION FOR THE ELDERLY OF THE V.I., INC.<br><br>DEFENDANTS. | Civil No. SX-2022-CV-148<br><br><br><br>CITE AS: 2023 VI SUPER 34 |

**Appearances:**
**Atiim Dia Abraham, Esq.**
Manning Legal Services, PC
Christiansted, St. Croix
U.S. Virgin Islands
*For Plaintiff*

**Denis N. George, Esq.**
**Venetia Harvey Velazquez, Esq.**
Department of Justice
Kingshill, St. Croix
U.S. Virgin Islands
*For Defendant Virgin Islands*
*Department of Human Services*

**William E. Crabill, Esq.**
**Richard D. Rusak, Esq.**
Cole, Scott & Kissane, P.A.
Miami, Florida
*For Defendant Lutheran Social*
*Services of the Virgin Islands*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Senior Sitting Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Virgin Islands Department of Human Services' (hereinafter "DHS") motion to dismiss, filed on March 16, 2023. In response,

Plaintiff Rhonda Jeremiah (hereinafter "Plaintiff"), as personal representative of Tamir Lake, deceased, filed an opposition, and Defendant DHS filed a reply thereto.

## BACKGROUND

¶ 2    On July 2, 2018, Plaintiff gave birth to Tamir Lake (hereinafter "Lake") at the Juan F. Luis Hospital and Medical Center (hereinafter "Hospital") on St. Croix, U.S. Virgin Islands. Thereafter, Plaintiff took Lake to Frederiksted Health Care twice for assistance and on or about December 12, 2018, Plaintiff took Lake back to the Hospital for assistance. On or around December 13, 2018, Defendant DHS caseworkers were dispatched to the Hospital, and Dr. Justo Roman, at the request of Defendant DHS, examined Lake. Dr. Justo Roman. Thereafter, Defendant DHS caseworkers sought custody of Lake by filing a petition with the Family Division of the Superior Court of the Virgin Islands. Defendant DHS's petition was subsequently granted, and Lake was ordered into the custody of Defendant DHS. While Lake was in the custody of Defendant DHS, he was placed in the care of Defendant Lutheran Social Services of the Virgin Islands, Defendant Lutheran Services for the Developmentally Disabled, Inc., and Defendant Lutheran Housing Association for the Elderly of the V.I., Inc. (collectively, hereinafter "Lutheran Defendants"). On May 5, 2020, Defendant DHS informed Plaintiff that Lake died on May 5, 2020 while under the care of the Lutheran Defendants. At some point thereafter, Plaintiff delivered a letter, dated July 31, 2020, to the Office of the Governor regarding her "notice of intent to sue" in connection with Lake's death.

¶ 3    On May 1, 2022, Plaintiff, as personal representative of Lake, deceased, filed a complaint against Defendant DHS and the Lutheran Defendants. The complaint alleged two causes of action: Count I-wrongful death claim (against all defendants) and Count II-negligence claim (against all defendants).

¶ 4    Subsequently, the claims against Defendant Lutheran Services for the Developmentally Disabled, Inc. and Defendant Lutheran Housing Association for the Elderly of the V.I., Inc. were dismissed without prejudice. On March 16, 2023, Defendant DHS filed this instant motion.

## DISCUSSION

¶ 5    In its motion, Defendant DHS argued that Plaintiff's complaint should be dismissed against Defendant DHS for lack subject matter jurisdiction pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure because Plaintiff failed to timely file the notice of intention as required under the VITCA. (Motion.) More specifically, Defendant DHS argued that "Plaintiff failed to comply with the jurisdictional requirements of the [VITCA] in several respects, prior to filing suit"—to wit, Plaintiff "failed to file a Notice of Intent within the time required by law," "Plaintiff's untimely notice of intent failed to provide notice of the claims of negligent supervision, retention or entrustment, and survival claims, such that those claims are now barred," and "Plaintiff has not filed a motion to excuse the late notice of intent, along with their Complaint, nor could they."[1] (Brief 4-5, 7.) Defendant DHS also argued in its motion that Plaintiff's complaint should be dismissed against Defendant DHS for failure to state a claim upon which relief can be granted

---

[1] Defendant DHS referenced: *Green v. State*, 28 A.D.2d 747, 747, 280 N.Y.S.2d 823, 824 (App. Div. 3rd Dept. 1967) (overturning lower court's acceptance of an untimely notice that was received on the 91st day after accrual -- a mere one day after the filing deadline); *Conquest v. State*, 58 Misc. 2d 121, 121-22, 294 N.Y.S.2d 892, 893 (Ct. Cl. 1968) (rejecting notice of intent filed on 92nd day after accrual, noting such filing was not within the 90-day statutory period; holding the time requirements "must be strictly construed" and is jurisdictional) (citations omitted); *compare Bizer v. United States*, 124 F. Supp. 949, 952 (N.D. Cal. 1954) (dismissing as untimely, tort claim under the Federal Tort Claims Act where claim was filed on the 91st day); *Walters v. Gov't of the V.I.*, 30 V.I. 36, 1994 V.I. LEXIS 11 (Terr. Ct. 1994) (claim not permitted under excuse exception, where motion for permission was not filed, along with proposed complaint); *Clarke v. Virgin Islands*, 24 V.I. 28, 32 (Terr. Ct. 1988) (holding that miscomputation of the 90-day period is not a reasonable excuse for failing to file a notice of claim under section 3409(c), noting, "To do so would provide every attorney in the jurisdiction with a loophole for filing late claims against the Government.") (distinguishing decisions that permitted a late filing of a claim on this basis where the Government had previously received a timely notice of intent) (citations omitted).

pursuant to Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure because "the Court has no jurisdiction to consider Plaintiff's claims based on Lake's personal injury, under the survival statute, as those claims were not filed within the applicable statute of limitations [pursuant to Title 5 V.I.C. § 37(a)] and are now time-barred."[2] (Id., at 8.) Defendant DHS further argued in its motion that "Plaintiff's concomitant requests for pain and suffering on behalf of Lake and the Plaintiff, resulting from injury to Lake, along with attorneys fees and costs must be stricken" and Plaintiff's complaint should be dismissed against Defendant DHS because it is not a proper party since it "has no statutory capacity to sue or be sued." (Id., at 11, 16.)

¶ 6     In her opposition, Plaintiff argued that her notice of intention was compliant with the VITCA's pre-filing requirements—to wit, she timely filed the notice of intention under the VITCA and her notice of intention contained sufficient information to put Defendant DHS on notice of her claims—but even if the notice of intention was untimely, "the Government knew of the underlying claim of negligence vis a vis the Notice of Intent to sue it received on August 7[th]" and "[i]f a claimant fails to file within the 90 days, but files within the statute of limitations time period and offers a reasonable excuse for the untimely filing, the Court, in its discretion, may excuse the untimely filing, but only if the Government knew of the underlying claim and was not substantially prejudiced by the delay."[3] (Opp., 2-3.) Plaintiff conceded in her opposition that "the Complaint [wa]s untimely filed for recovery on her claims of negligence pursuant to 5 V.I.C. 32 § (a) and 5 VIC § 77" but argued that "[n]otwithstanding Plaintiff's inability to seek relief pursuant to Section

---

[2] Defendant DHS referenced: *Der Weer v. Hess Oil Virgin Island Corp.*, 61 V.I. 87 (V.I. Super. Ct. Dec. 22, 2014); *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3 (V.I. Super. Ct. Aug. 29, 2017)

[3] Plaintiff referenced: *Samuel v. Gov't of the Virgin Islands*, 44 V.I. 201 (V.I. Terr. Ct. 2002) (citing *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1983).

77 and assuming arguendo that this Court finds that the Plaintiff's notice was untimely, the Plaintiff submits that Defendant DHS was not prejudiced by the untimely notice." (Id., at 3.) Plaintiff also argued in her opposition that the notice of intention provided sufficient notice and that Defendant DHS is the proper party since it "is an executive department of the Government of the Virgin Islands, and thus, Defendant DHS has the capacity to be sued." (Id., at 4.)

¶ 7    In its reply, Defendant DHS reiterated its argument.

¶ 8    The Court must note at the outset that Plaintiff brought a wrongful death claim (Count I) which benefits the decedent's survivors and a survival claim (Count II) which benefits the decedent's estate since it "is not really a claim" but a vehicle that preserves actions which the decedent may have brought or was bringing prior to his death. *Der Weer*, 61 V.I. at 102-103. "Because wrongful death actions and survival actions are different causes of action, "[d]ifferent statutes of limitation apply." *Id.*, 61 V.I. at 115. Title 5 V.I.C. § 37(a) provides that "[i]f a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his personal representatives, after the expiration of the time and within one year from his death." Title 5 V.I.C. § 37(a). Title 5 V.I.C. §77 in turn directs that claims arising out of personal injury, or tort, survive. Title 5 V.I.C. § 77 ("A thing in action arising out of a wrong which results in personal injury to the person ... shall not abate ... by reason of the death of the person injured."). "Read together, section 77 declares that personal injury claims do not abate when a person dies, but instead, pursuant to section 37(a), continue for a year after the person's death." *Der Weer*, 61 V.I. at 116; *see Gerald*, 68 V.I. at 126 ("With respect to a survival action under 5 V.I.C. § 77, which permits a decedent's personal representative to recover '[d]amages a deceased person may have suffered

from a personal injury' on behalf of the decedent's estate, the statute of limitations governing the decedent's underlying claim applies, unless the decedent 'dies before the expiration' of the statute of limitations, in which case the survival action must be brought within one year of the decedent's date of death."). In this instance, Plaintiff conceded in her opposition that the complaint was "untimely filed for recovery on her claims of negligence pursuant to 5 V.I.C. [§ 37(a)] and 5 V.I.C. § 77." (Opp. 3.) While Plaintiff argued that "[n]otwithstanding Plaintiff's inability to seek relief pursuant to Section 77 and assuming arguendo that this Court finds that the Plaintiff's notice was untimely, the Plaintiff submits that Defendant DHS was not prejudiced by the untimely notice," (Opp. 3), Plaintiff's argument was perfunctory and made without supporting authority as to how this would excuse Plaintiff's failure to bring this survival claim within one year from Lake's death. *See In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015) ("The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule."). The Court declines to make such an argument on Plaintiff's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As such, due to Plaintiff's failure to file the complaint for the survival claim within one year of the decedent's date of death as required under Title 5 V.I.C. § 37(a), Plaintiff's negligence claim must be dismissed for failure to state a claim upon which relief may be granted. *See Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 123 (V.I. Super. Ct. March 15, 2016) ("For this reason, the statute of limitation is typically raised either by motion to dismiss for failure to state a claim or by motion for judgment on the pleadings.").

¶ 9     The Court will now address Plaintiff's motion to dismiss for lack subject matter jurisdiction as to the remaining wrongful death claim.

### 1. Standard of Review

¶ 10     A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure challenges the court's authority to hear the case. V.I. R. CIV. P. 12(b)(a). "The applicable standard of review under Rule 12(b)(1) differs depending on whether the moving party has made a facial attack or a factual attack on the court's power to hear the case." *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74 at *6 (V.I. Super. Ct. June 25, 2015). When the attack on subject matter jurisdiction is facial, it "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court based on a jurisdictional defect," and "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *6-7 (Super. Ct. June 25, 2015) (internal quotation marks and citations omitted). In other words, under a facial attack, the Court must "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *James-St. Jules*, 2015 V.I. 74, at *7. On the other hand, when the attack on subject matter jurisdiction is factual, the defendant "disputes the existence of certain jurisdictional facts alleged by plaintiffs" and the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *James-St. Jules*, 2015 V.I. 74, at *7; *see Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 189 (V.I. 2009) (Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."); *see also, Daley-Jeffers v. Graham*, 69 V.I. 931, 939 n.8 (2018) ("When an attack on subject matter

jurisdiction is factual, the Superior Court is free to evaluate the merits of jurisdictional claims and may look beyond the face of the complaint to make this determination."). In such a case, "no presumptive truthfulness attaches to plaintiff's allegations ... [and] the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *James-St. Jules*, 2015 V.I. 74, at \*7; *see Francis v. Gov't of the V.I.*, No. ST-13-CV-387, 2014 V.I. LEXIS 43, at \*2-3 (Super. Ct. July 10, 2014) ("Once a defendant challenges a plaintiff's pleading on FED. R. CIV. P. 12(b)(1) grounds, the burden shifts to the plaintiff to demonstrate the Court has the authority to hear and decide the case.").

### 2. Analysis

#### a. Whether the VITCA is Applicable

¶ 11    The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. *See* Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*].""). "The VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015); *see* Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to

the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter."). Here, Plaintiff sued Defendant DHS, which was "established as an executive department in the Government of the United States Virgin Islands," *see* Title 3 V.I.C. § 430(a), for wrongful death, and under VITCA, "Government of the Virgin Islands" includes the executive, legislative, and judicial branches of the Government of the Virgin Islands, agencies and instrumentalities of the Government of the Virgin Islands...," Title 33 V.I.C. § 3401. As such, the VITCA is applicable to the facts of this case.

### b. Whether Plaintiff Complied with the Pre-Filing Requirements of the VITCA

¶ 12    The VITCA provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section [3409]." Title 33 V.I.C. § 3409. Title 33, section 3409 of the Virgin Islands Code provides:

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
>
> (a) a claim for the appropriation by the Government of lands, or any right, title of interest in or to lands shall be filed within two years after the accrual of such claim;
>
> (b) a claim by an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the Government by which the decedent's death was caused, shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent;
>
> (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of

such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the United States Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

Title 33 V.I.C. § 3409.

The VITCA further provides the requirements concerning the claim or the notice of intention:

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Title 33 V.I.C. § 3410.

¶ 13    The Court recognizes that, unlike the VIMMA, the Virgin Islands Supreme Court has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional or claims processing rules. *See e.g., Alexander v. Wilson*, 73 V.I. 528 ¶ 13 ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13. (V.I. 2015) ("In this case, we do no decide whether the VITCA's claim-filing requirements are

jurisdictional...We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F. 2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals, in its capacity as the "de facto court of last resort of the Virgin Islands," held that compliance with the pre-filing requirements under the VITCA are jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court. *See e.g., Yuxiang Peng v. Williams*, 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017);[4] *Christopher v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2016 165, *11 (V.I. Super. Ct. Oct.

---

[4] In *Yuxiang Peng*, the Court addressed the issue of whether *Richardson* is still binding on Virgin Islands Superior Court:

> In *Richardson*, the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the de facto court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands*, 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands*, 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.
>
> The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. See *Callwood v. Enos*, 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than $500); see also *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *16-20.
>
> 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017).

Furthermore, the Court notes that in this instance, the Court need not undertake a *Banks* analysis concerning the VITCA because it is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley*, 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.*, the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip*, 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow ... decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court

12, 2016) ("despite any contrary intimations from the Supreme Court, this Court is bound by the Third Circuit's precedent in *Richardson,* and must consider challenges to the VITCA's prefiling requirements as challenges to subject matter jurisdiction unless and until the Supreme Court of the Virgin Islands conclusively determines otherwise"); *Richardson v. Schneider Medical Regional Cetner*, 2017 V.I. LEXIS 168 (V.I. Super. Ct. Dec. 4, 2017); *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, *9 (V.I. Super. Ct. June 22, 2018).

¶ 14    Given that Defendant DHS's motion to dismiss alleged lack of jurisdiction based on Plaintiff's noncompliance with the prefiling requirements of the VITCA, it depends on a determination of facts—such as whether Plaintiff timely filed the notice of intention with the Office of the Governor and whether Plaintiff served a copy upon the Attorney General. Thus, Defendant DHS made a factual attack on the Court's power to hear this instant case against Defendant DHS, which means that the Court is free to weigh the evidence and Plaintiff has the burden of proving the existence of subject matter jurisdiction.

---

has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed*, the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters*, 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds*, 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Richardson* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitively proclaims that the pre-filing requirements of the VITCA are not jurisdictional, the Court continues to find *Richardson* binding.

¶ 15    According to Defendant DHS's motion, a copy of the notice of intention, dated July 31, 2020, was delivered to the Office of the Governor on August 7, 2020. This was corroborated by Defendant DHS's Exhibit A, which is a date-stamped copy of the notice of intention showing that the received date was "August 7, 2020," and Exhibit B, which is the affidavit of Claudia Charles, dated March 7, 2023, stating that she received the notice on August 7, 2020. On the other hand, according to Plaintiff's opposition, a copy of the notice of intention, dated July 31, 2020, was delivered to the Office of the Governor on July 31, 2020. This was corroborated by Plaintiff's Exhibit 1, which is an affidavit of Sandra Maldonado, dated December 11, 2020, stating that she delivered the notice on July 31, 2020, and a clean copy of the notice of intention without a date stamp or the date of service. However, Plaintiff appears to have admitted in her opposition that the notice of intention was received by the Office of the Governor on August 7, 2020 when she stated: "The Plaintiff submits that the Government knew of the underlying claim of negligence vis a vis the Notice of Intent to sue **it received on August 7th**." (Opp. 3) (emphasis added.) Upon review of the evidence provided, the Court concludes that the notice of intention was delivered to the Office of the Governor on August 7, 2020. *See Martinez*, 51 V.I. at 189 (Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."). However, this does not end the Court's analysis. The Court must next determine the accrual date of Plaintiff's claims because whether the notice of intention was timely depends on when the 90-day clock started ticking. *See Samuel v. Gov't of the V.I.*, 44 V.I. 201, 205 (V.I. Terr. Ct. March 1, 2002) ("Determining an accrual date is essential in assessing whether a claimant has complied with the pre-filing procedures of VITCA, specifically the stringent 90-day notice period to file a claim or notice of intent.").

¶ 16    On one hand, Defendant DHS argued that the 90-day clock starts to run on the date of accrual of the claim as stated in Title 33 V.I.C. § 3409(c)—which Defendant DHS asserted was May 5, 2020, the date Lake died. On the other hand, Plaintiff argued that the 90-day clock starts to run on the date of "[Plaintiff's] appointment as Tamir Lake's adminstratix" as stated in Title 33 V.I.C. § 3409(b). Interestingly, despite her argument, Plaintiff never provided any evidence that she was ever appointed as Lake's administratix or indicated the date of such appointment. In fact, Plaintiff never specifically indicated in the complaint that she filed this lawsuit as Lake's administratix; instead, Plaintiff indicated in the complaint that she filed this lawsuit as Lake's personal representative. *See* Compl. ¶ 2 ("Plaintiff acts as personal representative of her deceased son Tamir Lake in accordance with V.I.R.Civ.P. 17(e) and Title 5, VIC, sec 76."). "Virgin Islands law does not define the phrase 'personal representative' – at least not in the context of prosecuting or defending civil actions in court," *Augustin,* 67 V.I. at 506, and *Augustin* did not resolve the issue of whether the terms "executor," "administrator," and "personal representative" are synonymous in the context of prosecuting or defending civil actions in court. Nevertheless, Plaintiff is permitted to file this lawsuit as Lake's personal representative because, while some jurisdictions require a personal representative, such as an executor or an administrator, to be appointed first by opening an estate via a formal probate proceeding, the Virgin Islands Supreme Court, in promulgating Rule 17(e) of Virgin Islands Rules of Civil Procedure, expressly eliminated the requirement to open an estate via a formal probate proceeding as a prerequisite for a plaintiff bringing or maintaining wrongful death suits filed under Title 5 V.I.C. § 76 and survival actions filed under Title 5 V.I.C. § 77. *See* V.I. R. CIV. P. 17(e) ("In wrongful death suits filed under 5 V.I.C. § 76 and in survival actions filed under 5 V.I.C. § 77, the action may be prosecuted in the name of

a plaintiff identified in the complaint as acting as a personal representative. The named plaintiff shall serve as personal representative throughout the proceeding unless replaced by order of the court."). Thus, regardless of whether the terms "executor," "administrator," and "personal representative" are synonymous in the context of prosecuting or defending civil actions in court, it must be acknowledged that the procedure for the appointment of a personal representative varies drastically from the procedure for the appointment of an executor or an administrator. The appointment of personal representatives in the Superior Court of the Virgin Islands is through "what are essentially *ex parte*, non-adversarial miscellaneous proceedings that give a semblance of legal status to an estate, but without formally opening an estate or, for example, giving notice to creditors or requiring that the personal representative acting on the estate's behalf be bonded." *Augustin*, 67 V.I. at 513 (quoting *Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *33 n.3 (citing 15 V.I.C. § 239(a))). In other words, the appointment of a personal representative may be accomplished swiftly since it does not require first opening an estate via formal probate proceeding and qualifying the individuals being appointed as the personal representatives under the law as an executor or an administrator. *See* Title 15 V.I.C. §§ 235(a), 236; *see Raymond v. Assef*, 69 V.I. 953, 958-59 (V.I. 2018) ("Subpart (e) [of Rule 17 of the Virgin Islands Rules of Civil Procedure] is a provision dealing specifically with wrongful death and survival actions under 5 V.I.C. §76 and § 77. *To avoid any unnecessary requirement to open an estate*, and to permit swift commencement of proceedings where required for statute of limitations or other purposes, this subpart of the rule provides that an action may be prosecuted in the name of a plaintiff who is identified in the complaint as acting as a personal representative, although court appointment to that position has not at that time been made. The named plaintiff will serve as personal representative throughout

the proceeding unless replaced by order of the court.") (citing V.I. R. CIV. P. 17 ADVISORY COMMITTEE NOTE (emphasis added)). While Plaintiff relied on Title 33 V.I.C. § 3409(b) to determine when the 90-day clock started ticking, the language of Title 33 V.I.C. § 3409(b) is plain and ambiguous that it is only applicable to "a claim by an executor or administrator of a decedent..." Title 33 V.I.C. § 3409(b). Thus, no further interpretation of Title 33 V.I.C. § 3409(b) is required. *See Thomas v. People of the V.I.*, 69 V.I. 913, 925 (V.I. 2018) (noting that "because 'the statutory language [of 14 V.I.C. § 2101(a)] is plain and unambiguous, no further interpretation is required'"); *see also, Codrington v. People of the V.I.*, 57 V.I. 176, 185 (2012) ("Accordingly, when the language of a statute is plain and unambiguous, a court does not look beyond the language of the statute in interpreting the statute's meaning."). If the drafters of the statute intended to include personal representative in Title 33 V.I.C. § 3409(b), they clearly could have done so by including it therein. Unfortunately, the Court cannot rewrite the statute. As such, the Court will give effect to the plain words of the statute and hold that Title 33 V.I.C. § 3409(b) is not applicable to a wrongful death claim brought by the personal representative.

¶ 17    The question now becomes, is Title 33 V.I.C. § 3409(c) applicable here. The language of Title 33 V.I.C. § 3409(c) is ambiguous as to whether it is applicable to a wrongful death claim brought by the personal representative. *See One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 924 (2017) ("Statutory language is ambiguous when it is susceptible to more than one interpretation."). Thus, the Court will now "proceed to examine the legislative history of the statute and its purpose to ascertain if [a proposed] interpretation was within the legislature's intent." *One St. Peter, LLC v. Bd. of Land Use Appeals*, 67 V.I. 920, 926 (V.I. 2017) (quoting *Sonson v. People*, 59 V.I. 590, 598 (V.I. 2013)). "[C]ourts must assume that the legislature intends for the entirety

of the statutory language, as well as the whole statutory scheme, to be effective, unless to do so would lead to unjust or absurd results or would otherwise undermine the legislative intent." *Willis v. People of the V.I.*, 71 V.I. 789, 825 (V.I. 2019). In *Brunn v. Dowdye*, the Virgin Islands Supreme Court identified that the intent of the pre-filing notice requirement under the VITCA is to afford the Government an opportunity to "make an investigation in order to determine if the claims should be settled without suit." 59 V.I. 899, 911 (V.I. 2013); *see Phillips v. Gov't of the V.I*, No. 617/1983, 1984 V.I. LEXIS 38, at *3 (V.I. Terr. Ct. Aug. 14, 1984) ("The purpose behind the ninety-day notice provision of the Tort Claims Act is to prevent the presentation of stale claims so that the Government has an adequate opportunity to investigate and to explore the merits of a claim and to pursue a settlement while the evidence remains fresh in the memory of witnesses."). To interpret Title 33 V.I.C. § 3409(c) to not apply to a wrongful death claim brought by the personal representative, and therefore resulting in no pre-filing notice requirements under the VITCA for such claims, would seriously undermine the legislative intent since it would create a loophole for claimants to get around the jurisdictional pre-filing notice requirements under the VITCA. Accordingly, the Court finds that Title 33 V.I.C. § 3409(c) is applicable to a wrongful death claim brought by the personal representative, and thus, the notice of intentions "shall be filed within ninety days after the accrual of such claim." Title 33 V.I.C. § 3409(c).

¶ 18    In this instance, Plaintiff's wrongful death claim accrued on May 5, 2020, the date Lake died. *See Martinez v. Hess Oil V.I. Corp.*, 69 V.I. 519, 544 (V.I. Super. Ct. Dec. 7, 2018) ("[I]f a claim for the wrongful death of Carrasquillo-Acosta accrued, it accrued on April 13, 2009, the day he died."); *see also, Richardson*, 744 F.2d at 1011 ("Various provisions of the Virgin Islands statute convince us that the legislature intended to create an independent wrongful death action,

and that the accrual date for the action is the date of death."). Since the notice of intention[5] was delivered to the Office of the Governor on August 7, 2020, over ninety days after the accrual of such claim, and Plaintiff never sought the Court's permission to file the notice of intention beyond the 90-day deadline by filing a "motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim" pursuant to Title 33 V.I.C. § 3409(c),[6] the Court finds that Plaintiff failed to comply with the pre-filing requirements of the VITCA.[7] As such, the

---

[5] It appears that Plaintiff's notice of intention was not verified as required by Title 33 V.I.C. § 3409. Nevertheless, Defendant DHS did not raise the issue, and even if Defendant DHS had raised the issue, "virtually every court to consider the question has held that, when a statute requires that a complaint be verified by oath, the verification requirement is a non-jurisdictional claims processing rule." *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 300 (V.I. 2014); *see Brooks v. Gov't of the Virgin Islands*, 58 V.I. 417, 426 (V.I. 2013) ("there must be a 'clear' sign of the Legislature's intent to make a statutory requirement jurisdictional") (quoting *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011)).

[6] Plaintiff argued in her opposition that "[i]f a claimant fails to file within the 90 days, but files within the statute of limitations time period and offers a reasonable excuse for the untimely filing, the Court, in its discretion, may excuse the untimely filing, but only if the Government knew of the underlying claim and was not substantially prejudiced by the delay." (Opp. 3.) Plaintiff is correct. The VITCA provides in relevant part:

> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim.

> Title 33 V.I.C. § 3409(c).

However, as noted above, Plaintiff never sought the Court's permission to file the notice of intention by filing such a motion.

[7] Plaintiff also failed to provide a date-stamped copy showing when the Attorney General was served with the notice of intention. Thus, it is unclear whether the Attorney General was timely served with the notice of intention as required under Title 33 V.I.C. § 3410. This issue was not raised by Defendant DHS. However, "[i]t is well established that a court may consider the issue of subject matter jurisdiction sua sponte. This is because, prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see* V.I. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Nevertheless, this issue is moot given the Court's finding that Plaintiff's notice of intention was untimely delivered to the Office of the Governor.

Court finds that Plaintiff failed to satisfy her burden of proving the existence of subject matter jurisdiction and the Court does not have the authority to hear and decide the case as to Plaintiff's wrongful death claim.

## CONCLUSION

¶ 19    Based on the foregoing, the Court will grant Defendant DHS's motion to dismiss and dismiss Plaintiff's claims against Defendant DHS.[8] Accordingly, it is hereby:

**ORDERED** that Defendant DHS's motion to dismiss, filed on March 16, 2023, is **GRANTED**. And it is further:

**ORDERED** that Plaintiff's claims against Defendant DHS are **DISMISSED WITH PREJUDICE**.

**DONE and so ORDERED this** 15th **day of June, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

By: _____
Court Clerk ~~Supervisor~~ II

Dated: 6/15/2023

---

[8] In the interest of conserving precious and limited judicial resources, given the Court's findings as to Plaintiff's claims against Defendant DHS, the Court will not address other issues raised in Defendant DHS's motion.



**FILED**
June 15, 2023 03:12 PM
SX-2022-CV-00148
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| RHONDA JEREMIAH, AS PERSONAL REPRESENTATIVE OF TAMIR LAKE, DECEASED, <br><br> PLAINTIFF, <br><br> V. <br><br> VIRGIN ISLANDS DEPARTMENT OF HUMAN SERVICES, LUTHERAN SOCIAL SERVICES OF THE VIRGIN ISLANDS, LUTHERAN SERVICES FOR THE DEVELOPMENTALLY DISABLED, INC., AND LUTHERAN HOUSING ASSOCIATION FOR THE ELDERLY OF THE V.I., INC. <br><br> DEFENDANTS. | Civil No. SX-2022-CV-148 |

## ORDER

**THIS MATTER** is before the Court for review *sua sponte*. On May 1, 2022, Plaintiff Rhonda Jeremiah as personal representative of Tamir Lake, deceased, (hereinafter "Plaintiff") filed a complaint against Defendant Virgin Islands Department of Human Services, Defendant Lutheran Social Services of the Virgin Islands, Defendant Lutheran Services for the Developmentally Disabled, Inc., and Defendant Lutheran Housing Association for the Elderly of the V.I., Inc. On December 27, 2022, Defendant Lutheran Social Services of the Virgin Islands filed an answer in response to Plaintiff's complaint. At this juncture, the Court will order Plaintiff and Defendant Lutheran Social Services of the Virgin Islands to jointly file a proposed scheduling order.[1] Accordingly, it is hereby:

---

[1] In an order entered on January 3, 2023, the claims against Defendant Lutheran Services for the Developmentally Disabled, Inc. and Defendant Lutheran Housing Association for the Elderly of the V.I., Inc. were dismissed without prejudice. In a memorandum opinion and order entered contemporaneously herewith, the claims against Defendant Virgin Islands Department of Human Services were dismissed with prejudice.

**ORDERED** that, **within thirty (30) days from the date of entry of this Order**, the parties shall jointly file a proposed scheduling order. The parties shall include a blank date for a status conference via zoom on the proposed scheduling order for the Court's convenience. Failure to file a proposed scheduling order will result in a show cause hearing and possible sanctions.

**DONE and so ORDERED this** 15th **day of June, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Court Clerk Supervisor
Dated: 6/15/2023

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**



IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 15, 2023 03:14 PM
SX-2022-CV-00148
**TAMARA CHARLES
CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**Rhonda Jeremiah,**
        **Plaintiff**

**v.**

**Virgin Islands Department of Human
Services et al,**
        **Defendant.**

Case Number: **SX-2022-CV-00148**
Action: **Negligence**

## NOTICE of ENTRY
## of
## <u>Memorandum Opinion and Order</u>

**To:** Atiim Dia Abraham

William E. Crabill, Esq.

Venetia H. Velazquez, Esq.
Richard D. Rusak, Esq.

**Please take notice that on June 15, 2023**
**a(n)**       **Memorandum Opinion and Order**
**dated**    **June 15, 2023**    **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**   **June 15, 2023**

**Tamara Charles**

**Clerk of the Court**

By:

_Janeen Maranda_

**Janeen Maranda
Court Clerk II**